# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **KAYLA WOODS,** *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **KUBERA REIT, LLC** *et al.*, <br><br> *Defendants.* | **CIVIL ACTION NO.** <br> **5:25-cv-00472-TES** |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

On November 4, 2025, the Court ordered Plaintiff Kayla Woods to show cause and, in part, explain how it had subject matter jurisdiction over these proceedings. [Doc. 3]. On November 21, 2025, Plaintiff filed her Response [Doc. 7] to the Court's Show Cause Order [Doc. 3]. In her Response, Plaintiff informed the Court that she had "filed a Notice of Voluntary Dismissal as to LBA Hospitality, LLC without prejudice, which restores complete diversity between the remaining parties . . . ." [Doc. 7, at p. ]. Furthermore, Plaintiff asserts that "diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied, as the matter in controversy exceeds $75,000 and the parties are citizens of different states." [*Id.*]. Finally, Plaintiff informed the Court that she "filed an Amended Complaint to provide a more detailed overview of the claims and to clarify the parties and factual allegations." [*Id.*].

Both Plaintiff's response and Amended Complaint [Doc. 9], however, fail to squarely address the issues raised by the Court. Plaintiff has provided no additional information about the amount in controversy other than the bare assertion that the matter in controversy exceeds $75,000.[1] *See* [Doc. 7]; [Doc. 9]. Therefore, to find that Plaintiff's claims exceed $75,000 based on the information that the Court currently has before it "would be the result of 'unabashed guesswork.'" *Goldstein v. GFC Mkt. Realty Four, LLC*, No. 16-cv-60956-GAYLES, 2016 WL 5215024, at *7 (S.D. Fla. Sept. 21, 2016) (quoting *Lowery*, 483 F.3d at 1211); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010) (citation omitted) ("[W]ithout facts or specific allegations, the amount in controversy could be [discerned] only through speculation—and that is impermissible."). The Court—using "judicial experience and common sense"—cannot find that the jurisdictional amount is satisfied without more concise, definite, or articulable statements to demonstrate any special damages. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62, 1064 (11th Cir. 2010). Plaintiff was warned that the Court required more information to determine whether this action meets the amount-in-controversy jurisdictional requirement. *See* [Doc. 3]. Despite this, Plaintiff failed to provide any supporting documentation or explanation on how her vague damages calculation was reached.

---

[1] At its core, this is a case about an alleged bed bug infestation in a hotel. Plaintiff claims to have sought medical treatment after her hotel stay but has provided no medical bills or other evidence to bolster her claim for damages. As discussed, this is simply not enough to establish subject-matter jurisdiction.

Therefore, in keeping with its independent obligation to inquire into subject-matter jurisdiction wherever it may be lacking, the Court concludes that it does not have subject-matter jurisdiction over this case. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). Without more concrete allegations as to how Plaintiff's believes her claims exceed § 1332's jurisdictional threshold, the Court must **DISMISS** Plaintiff's claims asserted against Defendants **without prejudice**.[2] The Court directs the Clerk of Court to enter judgment closing this case.

**SO ORDERED**, this 25th day of November, 2025.

                                                S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[2] The Court acknowledges that it mistakenly included language to indicate that this case may be remanded should it determine that it does not have subject-matter jurisdiction. *See* [Doc. 3, p. 7]. To be clear, this case was originally filed in this Court and was not, in fact, removed to it from a state court. *See* [Doc. 1]. As such, this case may not be remanded but rather dismissed as discussed above. If Plaintiff wishes to continue to pursue this case, she may consider refiling in the appropriate state court. *See Drazen v. Pinto*, 74 F.4th 1336, 1340 n.2 (11th Cir. 2023).