# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

|  |  |
|---|---|
| **KAYLA WOODS,** *et al.,* | |
| *Plaintiffs,* | **CIVIL ACTION NO.** |
| **v.** | **5:25-cv-00472-TES** |
| **KUBERA REIT, LLC** *et al.,* | |
| *Defendants.* | |

## ORDER

Before the Court is Plaintiff Kayla Woods' Motion for Reconsideration Under Rules 59(e) and 60(b) and For Leave to File Amended Complaint. [Doc. 12]. Rule 59(e) authorizes a motion to alter or amend a judgment after its entry, and reconsideration is only proper if the movant can demonstrate that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See* Fed. R. Civ. P. 59(e); *see also Bell v. Houston Cty.*, No. 5:04-cv-390 (HL), 2007 WL 4146205, at *2 (M.D. Ga. Nov. 19, 2007). "Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly." *Bell*, 2007 WL 4142605, at *2 (citing *Am. Assoc. of People with Disabilities v. Hood*, 278 F. Supp. 2d. 1337, 1339–40 (M.D. Fla. 2003)).

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is

"committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106,

1137 (11th Cir. 2000) (citation omitted). "[A] motion for reconsideration does not

provide an opportunity to simply reargue an issue the Court has once determined.

Court opinions are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure." *Bell*, 2007 WL 4142605, at *2 (quoting *Hood*, 278

F. Supp. 2d at 1340). According to the explicit language of the Rule itself, a motion

brought pursuant to Rule 59(e) must be filed no later than 28 days "after the entry of a

*judgment*." Fed. R. Civ. P. 59(e) (emphasis added).

Reconsideration motions can also be governed by Rule 60, the rule governing

relief from final judgments and orders. *See* Fed. R. Civ. P. 60(b). Since these motions are

not mentioned by name in the Federal Rules, courts have treated such motions to

reconsider as being governed by Rule 59(e) if they are filed within 28 days and

governed by Rule 60(b) if filed later. *Bell*, 2007 WL 4142605, at *2 (applying the former

ten-day rule) (citing *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003)). Final

judgment in this case was entered on November 25, 2025. [Doc. 11]. Plaintiff filed her

Motion [Doc. 12] on December 23, 2025, exactly 28 days after judgment was entered.

Therefore, Rule 59(e) applies.

Plaintiff argues that "reconsideration under Rule 59(e) is proper to correct a clear

error and prevent a manifest injustice." [Doc. 12, p. 3]. In this case, Plaintiff asserts that

2

"[t]he injustice of permanently barring Plaintiff's serious claims—which involve a documented health hazard, documented injury, a cover-up attempt, financial loss, and catastrophic personal and professional harm—due to a technical pleading mistake by a *pro se* litigant would constitute manifest injustice." [*Id.* at pp. 3–4].

This argument, however, falls flat. On November 4, 2025, the Court issued a show-cause order to give Plaintiff an opportunity to explain how this Court has subject-matter jurisdiction over this case. [Doc. 3]. In particular, the Court questioned Plaintiff about the amount of damages claimed and notified Plaintiff that "[w]ithout more details or documentation, it is unclear whether [Plaintiff] can satisfy [her] burden as to the jurisdictional amount of damages." [*Id.* at p. 7]. Again, the Court warned that "[Plaintiff has] provided no accompanying documentation or other information to support [her] $357,000 claim for damages" and that "to determine whether this action meets the amount-in-controversy jurisdictional requirement, the Court requires more information as to how [Plaintiff's] claims are of a sufficient amount to satisfy diversity jurisdiction under 28 U.S.C. § 1332(a)." [*Id.*]. Additionally, the Court specifically instructed Plaintiff that "[s]hould there be any additional evidence that [Plaintiff] may deem relevant or appropriate for damages, [she] may submit it to the Court in response to this Order . . ."

[*Id.* at p. 8]. Plaintiff was likewise warned that if she failed to present sufficient evidence related to the amount in controversy, the Court would dismiss her case.[1] [*Id.* at pp. 7–8].

Instead of taking the opportunity to provide information to support her claim for damages, Plaintiff responded with absolutely no additional information about her damages calculation other than a single conclusory sentence stating that "diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied, as the matter in controversy exceeds $75,000 and the parties are citizens of different states." [Doc. 7, p. 1]. In conjunction with her response to the Court's show-cause order [Doc. 7], Plaintiff filed an Amended Complaint [Doc. 9] that is similarly devoid of any explanation for her damages calculation. [Doc. 9]. Plaintiff provided no receipts, no medical bills, no hotel bills, or any other documentation that would substantiate any of her claimed damages despite receiving explicit instructions to do so – information that she clearly had available.

As such, on November 25, 2025, the Court entered an Order dismissing the case for lack of subject-matter jurisdiction. [Doc. 10]. In doing so, the Court noted that "[a]t its core, this is a case about an alleged bed bug infestation in a hotel" and that "Plaintiff claims to have sought medical treatment after her hotel stay but has provided no medical bills or other evidence to bolster her claim for damages." [*Id.* at p. 2 n.1].

---

[1] The Court mistakenly included language to indicate that this case may be remanded should it be determined that it did not have subject-matter jurisdiction. [Doc. 3, p. 7]. However, in a later Order dismissing the case, the Court clarified that the case was originally filed in this Court and was not, in fact, removed to it from a state court. [Doc. 10, p. 3 n.2].

Because this Court lacked the information necessary to establish that it has subject-

matter jurisdiction over this controversy, the case was dismissed without prejudice. *See*

[*Id.*].[2]

On December 23, 2025, Plaintiff filed her Motion for Reconsideration with a

multitude of exhibits ranging from medical visit summaries to a statement of earnings

in attempt to shore up her damages calculation. *See* [Doc. 12]; [Doc. 12-1]; [Doc. 12-2];

[Doc. 12-3]; [Doc. 12-4]; [Doc. 12-5]; [Doc. 12-6]; [Doc. 12-7]. This effort comes too late.

Plaintiff was given ample opportunity to provide evidence to support her claim and

failed to provide a single document. Only now after her case has been dismissed does

Plaintiff appear with a bevy of documents to allegedly support her claim. It is axiomatic

that "[a] party may not employ a motion for reconsideration as a vehicle to present new

arguments or evidence that should have been raised earlier . . ." *Brogdon v. National*

*Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000). *See also Grange v. Mut. Cas.*

*Co. v. Slaughter*, 958 F.3d 1050, 1059–60 (11th Cir. 2020) (concluding the district court

"properly rejected" an attempt "to introduce new evidence" in a motion for

reconsideration "that was available at the summary judgment stage"); *Bright v. Med. Ctr.*

*Navicent Health*, 5:23-CV-447 (CAR), 2025 WL 348516, at *2 (M.D. Ga. Dec. 4, 2025)

(holding that "[w]here a party attempts to introduce previously unsubmitted evidence

---

[2] In fact, the Court informed Plaintiff that while her case would be dismissed from federal court, she still
had the opportunity to refile in the appropriate state court. *See* [Doc. 10, p. 3 n.2].

on a motion to reconsider, the court should not grant the motion absent some showing

that the evidence was not available during the pendency of the [case]"). It appears that

this is exactly what Plaintiff is trying to do. There is no suggestion that Plaintiff lacked

access to the documents she provided in her Motion [Doc. 12], yet despite clear

instruction from the Court to provide such documents earlier in the case, Plaintiff failed

to do so. Therefore, the Court declines to reconsider its dismissal of Plaintiff's Amended

Complaint [Doc. 9].

Although it has been established that Rule 59(e) is the appropriate avenue for

reconsideration in this case, Plaintiff also moves under Rule 60(b). Rule 60(b) permits a

court to relieve a party from a final judgment, order, or proceeding for six reasons: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

that, with reasonable diligence, could not previously have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by

an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released,

discharged, reversed, or vacated or that would no longer be equitable to apply; or (6)

any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). As for the timing of the

motion, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a

reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of

the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For Rule

60(b) purposes, "[a] final judgment . . . is any judgment that is an appealable order."

*Bell*, 2007 WL 4142605, at *2 (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803

F.2d 1130, 1131 (11th Cir. 1986). Rule 60(b)(6) is the "catch-all ground for relief under

Rule 60(b)." *Galbert v. West Caribbean Airways*, 715 F. 3d 1290, 1294 (11th Cir. 2013). The

law is well settled that federal courts may grant relief under Rule 60(b)(6) only for

extraordinary circumstances. *Nat'l Union Fire Ins. Co. v. Virginia Cavins & Progressive*

*Sys., Inc.*, 2007 WL 2692723 at *3 (M.D. Ala. Sept. 11, 2007).

Even if the Court were to proceed under Rule 60(b), nothing in the Court's

analysis would differ from the above discussion concerning Rule 59(e). The fact of the

matter is that Plaintiff possessed evidence to allegedly support her claim for damages,

and despite numerous opportunities to provide that evidence, Plaintiff refused to do so

until after her case had been dismissed.

Plaintiff has failed to meet her burden under Rule 59(e) to justify relief from the

November 25, 2025, dismissal. [Doc. 10]. Accordingly, Plaintiff's Motion [Doc. 12] is

**DENIED**. Plaintiff's request for leave to file an amended complaint is likewise **DENIED**

as moot.

SO ORDERED, this 31st day of December, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**